BOLIN, Judge.
Plaintiff sues for damages for personal injuries resulting from a head-on collision between his pickup truck and a winch truck driven by one of the defendants. The accident occurred in plaintiff’s lane of travel. The trial court rejected plaintiff’s demands on finding defendant’s winch truck was within a barricaded construction zone when struck by plaintiff’s vehicle. Contesting primarily this factual finding, plaintiff appeals. We affirm.
Defendant construction company was laying telephone cable on the north side of a two-lane country road running east and west. The winch truck was being used to extricate a trenching machine which was bogged down in the ditch by the side of the road. At a distance of 400 to 500 feet east of the work site, company employees had blocked the westbound lane with a sawhorse barricade and had positioned several *1091 orange construction cones at intervals on the road’s centerline between the sawhorse and the construction site. At the time of the accident there was construction equipment in the area other than the trenching machine and the winch truck.
As plaintiff was driving west on a clear afternoon he crested a.hill about 1,000 feet east of a small bridge. His visibility was unobstructed from the crest of the hill to the bridge. Cognizant of the. sawhorse blocking his lane of travel, as well as the winch truck beyond the bridge ahead, he slowed his pickup and proceeded around the barricade into the eastbound lane. Thinking he had passed the protected construction zone, plaintiff drove his vehicle back into the westbound lane before reaching the bridge. Shortly thereafter his vehicle struck defendant’s truck, which was moving slowly east in the westbound lane to get into position to attach its winch cable to the trencher. The headon impact occurred at the west end of the short bridge. There were no eyewitnesses other than the drivers of the vehicles involved.
After reviewing the testimony of the two drivers and a deputy sheriff who investigated the accident, the trial judge found plaintiff drove his vehicle back into the westbound lane before the protected area ended; that this action constituted negligence which contributed to the accident and prevented plaintiff’s recovery. Since this finding is amply supported by the record, we will not disturb it on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Plaintiff argues the trial court failed to apply the rule that when a collision occurs between two vehicles, one of which is in the wrong lane of travel, the driver of that vehicle is presumed to be negligent. Simon v. Ford Motor Company, 282 So.2d 126 (La.1973). We hold this rule inapplicable to this case since defendant was driving within a protected construction zone when the collision occurred.
The judgment is affirmed at plaintiff’s cost.